**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JOHN E. ROGERS, III,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | <u>**Jury Trial Demanded**</u> |
| **SDZ, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

**COMPLAINT**

Plaintiff John E. Rogers, III, by and through the undersigned counsel, bring this Complaint against Defendant SDZ, LLC (hereafter "SDZ") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.)* (hereinafter "the FLSA") to recover (1) due but unpaid minimum wages and an additional amount as liquidated damages; (2) due but unpaid overtime and an additional amount as liquidated damages; and (3) to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal cause of action, Plaintiff also brings state law claims (i.e., breach of contract and promissory estoppel) which arise out of the same core of operating facts as the federal cause of action.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because SDZ is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff resides within Cherokee County, Georgia.

6.

SDZ employed Plaintiff as a maintenance technician in and around Atlanta, Georgia from February 1, 2001 through March 7, 2013.

7.

At all times relevant to this suit, Plaintiff has been an "employee" of SDZ as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

From on or about February 1, 2001 through March 7, 2013, Plaintiff has been "engaged in commerce" as an employee of SDZ as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

SDZ is a limited liability company organized under the laws of the State of Georgia.

10.

At all times material hereto, SDZ has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

- 3 -

11.

At all times material hereto, SDZ was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2010, SDZ had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, SDZ had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, SDZ had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, SDZ had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, SDZ had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, SDZ had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, SDZ had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, SDZ had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2010, SDZ had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

During 2011, SDZ had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2012, SDZ had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2013, SDZ had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, SDZ was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

SDZ is subject to the personal jurisdiction of this Court.

26.

SDZ may be served with process through its registered agent, Scott Deviney, 2030 Powers Ferry Road, Suite 134, Atlanta, GA 30339.

**COUNT I — FAILURE TO PAY OVERTIME**

27.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

28.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

29.

At all times material hereto, SDZ did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, SDZ did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, SDZ did not employ Plaintiff in a bona fide administrative capacity in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

32.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

33.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 30, 2010 through March 7, 2013.

34.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rates for work in excess of forty (40) hours in any week from May 30, 2010 through March 7, 2013.

35.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

36.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – FAILURE TO PAY MINIMUM WAGE**

38.

The allegations contained in the paragraphs above are incorporated by reference

as if fully set out herein.

39.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

40.

Plaintiff performed work for SDZ during the period of March 2, 2013 through March 7, 2013.

41.

SDZ failed to pay Plaintiff at or above the minimum wage as established by the FLSA for work performed between March 2 and March 7, 2013.

42.

SDZ willfully failed to pay Plaintiff at or above the minimum wage as established by the FLSA for work performed between March 2 and March 7, 2013.

43.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of minimum wages, SDZ is liable to Plaintiff for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III - BREACH OF CONTRACT

46.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out herein.

47.

At all times material hereto, Plaintiff and SDZ have been parties to a contract of employment ("hereafter the Contract").

48.

The Contract provided that SDZ would compensate Plaintiff for work performed on its behalf.

49.

Plaintiff performed work for SDZ during the period from March 2, 2013 through March 7, 2013.

50.

SDZ has failed and refused to compensate Plaintiff for work performed during the period from March 2, 2013 through March 7, 2013.

51.

SDZ's failure to compensate Plaintiff for work performed during the period from March 2, 2013 and March 7, 2013 constitutes a material breach of contract.

52.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV - PROMISSORY ESTOPPEL**

53.

The allegations contained in paragraphs above are incorporated by reference as if fully set out in this paragraph.

54.

At all times material hereto, SDZ promised to compensate Plaintiff for work performed on its behalf

- 12 -

55.

SDZ should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., perform work on its behalf.

56.

SDZ's promise induced Plaintiff to act in reliance thereof, i.e., perform work on its behalf, to his detriment.

57.

Plaintiff's work conferred a benefit on SDZ.

58.

SDZ failed to compensate Plaintiff in accordance with its promise.

59.

Plaintiff relied on SDZ's promise.

60.

Plaintiff's reliance on SDZ's promise was reasonable.

61.

Injustice can only be avoided by enforcement of SDZ's promise.

62.

Plaintiff is entitled to a recover from SDZ the reasonable value of the services he provided during the period from March 2, 2013 through March 7, 2013.

**WHEREFORE**, Plaintiff respectfully prays:

1.   That Plaintiff's claims be tried before a jury;

2.   That Plaintiff be awarded an amount to be determined at trial against SDZ in unpaid minimum wage from on or about from March 2, 2013 through March 7, 2013 due under the FLSA, plus an additional like amount in liquidated damages;

3.   That Plaintiff be awarded an amount to be determined at trial against SDZ in unpaid overtime compensation from on or about from May 30, 2010 through March 7, 2013 due under the FLSA, plus an additional like amount in liquidated damages;

4.   That Plaintiff be awarded an amount to be determined at trial against SDZ for the value of services performed from March 2, 2013 through March 7, 2013;

5.   That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from SDZ; and

6.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/ CHARLES R. BRIDGERS
3100 CENTENNIAL TOWER            CHARLES R. BRIDGERS
101 MARIETTA STREET              GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                   /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)               KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com  GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                                 COUNSEL FOR PLAINTIFF