IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN E. ROGERS, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:13-CV-1818-CC |
| SDZ, LLC, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the Court on Plaintiff John E. Rogers, III's Motion to Enforce Settlement [Doc. No. 23].

**I.    Background**

On May 30, 2013, Plaintiff John E. Rogers, III brought an action against Defendant SDZ, LLC ("Defendant" or "SDZ") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.  On February 24, 2014, the parties filed a Joint Motion for Judicial Approval of Settlement Agreement.  (See Doc. No. 21.) On  February 26, 2014, the Court approved the settlement. (See Doc. No. 22.)  The Court order states: "The Court hereby approves and incorporates herein the Settlement Agreement.  The Court will retain jurisdiction of this action until such time as all sums due thereunder have been paid." (Id.)[1]

**II.    Discussion**

In Plaintiff's instant motion to enforce the settlement,  Plaintiff explains that Paragraph 7 of the parties' Settlement Agreement and General Release (the "Agreement") provides that Defendant would pay Plaintiff a total of twenty

---

[1] A district court can retain jurisdiction over disputes regarding performance under a settlement agreement either by making the settlement agreement part of the court order, by including a separate provision retaining jurisdiction, or by incorporating the terms of the agreement into the order itself.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994).

thousand dollars ($20,000.00) "in seven monthly installments beginning within five (5) days of approval of the Settlement Agreement by the Court and thereafter on the first day of the six succeeding months . . ." (Agreement [Doc. No. 21-1] at ¶ 7). Accordingly, the first payment was due on March 3, 2014. The next six payments were due on the first days of April, May, June, July, August, and September. Plaintiff contends that Defendant is in breach of Paragraph 7 of the Agreement by failing to make the final two payments under the Agreement. Specifically, Defendant has not tendered the payments due on August 1, 2014 and September 1, 2014.

As a result of Defendant's breach, Plaintiff contends that he is entitled to damages. Plaintiff points to Paragraph 20 of the Agreement, which provides:

> in the event of a breach of any of the terms of the Settlement by PLAINTIFF, or DEFENDANT, the prevailing party shall be entitled to all remedies or damages at law, in addition thereto, shall be entitled to recover all costs and expenses including reasonable attorneys' fees incurred in enforcing any rights hereunder.

(Agreement at ¶ 20.) Plaintiff requests an order from the Court finding Defendant in breach of its obligations under the Agreement, directing Plaintiff to pay $5,714.29 *instanter* and awarding Plaintiff his costs and attorneys' fees.

Defendant has responded to Plaintiff's motion simply by explaining that SDZ has been sold and that the company has no money to satisfy the remaining settlement payments required under the Agreement.[2] In essence, Defendant concedes that it is in breach of Paragraph 7 of the Agreement and has no intention

---

[2]Defendant filed its response to Plaintiff's motion through counsel. As an exhibit to the response, Defendant's attorney, W. Wright Mitchell, filed a declaration explaining that he was personally unaware of the sale of SDZ and only learned about the transaction after being notified by Plaintiff's counsel that SDZ was late on making payments. Mitchell contends that after he inquired about the late payments with Scott Deviney, owner of SDZ, Deviney informed Mitchell that SDZ had sold all of its assets. In light of the foregoing, Mitchell and the law firm Constangy, Brooks & Smith LLP obtained Defendant's consent to withdraw as counsel. Mitchell subsequently filed a Certificate of Consent to Withdraw.

of meeting its obligations thereunder.  Moreover, Defendant does not dispute that Paragraph 20 of the Agreement governs Plaintiff's remedy.

Applying Georgia's general contract law[3] and looking to the plain - and uncontested - meaning of  Paragraph 20 of the Agreement, the Court finds that Defendant is in breach of the Agreement and Plaintiff is entitled to $5,714.29, plus costs and reasonable attorneys' fees incurred in enforcing his rights.

## III.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Enforce Settlement [Doc. No. 23] and **AWARDS** damages in favor of Plaintiff and against Defendant in the amount of  $5,714.29.  The Court **INSTRUCTS** Plaintiff to submit an application and affidavit in support of attorneys' fees and costs within fourteen (14) days from the date of this Order. Once the Court addresses the issue of attorneys' fees and costs, the Clerk of Court shall enter a judgment in favor of Plaintiff and against Defendant.

SO ORDERED this 4th day of September, 2015.

s/   *CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The choice of law provision in the agreement indicates that the agreement "shall be construed and governed by the laws of the State of Georgia."  (Agreement at ¶17.) See also Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)("The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law.")